Mitchell Malzberg, Esq.
LAW OFFICES OF MITCHELL J. MALZBERG, LLC
P. O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 – Telephone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to the Liquidating Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>HOLLISTER  CONSTRUCTION  SERVICES, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439/MBK<br><br>Hon. Michael B. Kaplan |
| BAK  ADVISORS,  LLC,  LIQUIDATING TRUSTEE  OF  HOLLISTER CONSTRUCTION LIQUIDATING TRUST<br><br>Plaintiff,<br><br>v.<br><br>ACCORDIA  HARRISON  URBAN RENEWAL, LLC<br><br>Defendant(s). | Adv. Proc. No. |

**VERIFIED COMPLAINT**

Plaintiff, BAK Advisors, LLC (by and through Bernard A. Katz) is the duly appointed

Liquidating Trustee of the Hollister Construction Liquidating Trust and states the following by

way of Verified Complaint for Relief, and respectively represents:

## JURISDICTION

1.      This is an adversary proceeding seeking Judgment against the Defendant for a breach of contract and other relief pursuant to 11 U.S.C. §105(a) and Rule 7001of the Federal Rules of Bankruptcy Procedure.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.

3.      This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

5.      Pursuant to the Settlement Agreement, this Court retained jurisdiction to adjudicate any dispute or claim arising from or related to the Settlement Agreement.

## BACKGROUND FACTS

6.      On September 11, 2019 (the "Petition Date"), Hollister Construction Services, LLC ("Debtor or Hollister") filed a Chapter 11 Petition.

7.      The Debtor's Plan was confirmed and an Order confirming the Debtor's First Amended Plan of Liquidation (Docket No. 1769) was entered on April 16, 2021.  The effective date of the Plan occurred on April 30, 2021.   A liquidating Trust was formed pursuant to the confirmed Plan.  The Plaintiff, BAK Advisors, LLC was appointed as Liquidating Trustee of the Hollister Construction Liquidating Trust.  ("Plaintiff" or "LT")

8.      The Debtor had operated a substantial construction management firm.

9.       The Defendant, Accordia Harrison Urban Renewal, LLC ("Accordia" or "Owner") and the Debtor, are parties to certain contract documents dated as of September 25, 2017, including, without limitation, certain AIA Documents, A201 and A101, and all Schedules annexed thereto, and all subsequent riders, modifications, and change orders (collectively, the

"Contract"),[1] relating to construction of 700 Frank E. Rogers Boulevard, Harrison, New Jersey

(the "HUB Project").

10.     Hollister and various subcontractors provided goods and/or services to the HUB

Project prior to the Petition Date.

11.     Sometime after the Petition Date, Hollister, Owner and various subcontractors,

engaged in negotiations regarding a global settlement which would provide a mechanism for

payment of certain pre-petition and post-petition amounts due to Hollister and certain

subcontractors on the HUB Project, provide for the restart of construction and completion of the

HUB Project and the exchange of releases between Hollister, Owner and the subcontractors.

(collectively "Parties")

12.     On or about December 13, 2019, the Parties entered into the Settlement

Agreement and sought Bankruptcy Court approval of the Settlement Agreement.  Thereafter, by

Order dated February 5, 2020, (Docket No. 899) the Bankruptcy Court approved the Settlement

Agreement.

13.     On December 4, 2020, the Parties entered into an Amendment to Settlement

Agreement (the "First Amendment") and sought Bankruptcy Court approval of the First

Amendment to Settlement Agreement.  The Bankruptcy Court approved the First Amendment by

entry of an Order dated December 4, 2020. (Docket No. 1522)

14.     Pursuant to the Settlement Agreement, Owner and Hollister established an escrow

account at PNC Bank, N.A. ("Escrow Account") administered by SM Financial Services

---

[1]   Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Contract or the
      Settlement Agreements.

Corporation, a New Jersey corporation ("Escrow Agent").   After approval of the First

Amendment, Hollister and certain subcontractors resumed work on the HUB Project.

15.     Certain payments were to be made by Owner pursuant to the terms and conditions

of that the Settlement Agreement and First Amendment to Settlement Agreement.   The Owner

failed to make payments for services and work performed after approval of the First Amendment

and disputes have arisen among the Parties regarding the payments which were to be paid

pursuant to the terms and conditions of that First Amendment.

16.     Certain subcontractors have filed enforcement actions against Hollister and

Owner seeking payments of unpaid amounts for both work in place and closeout amounts

representing retainage under their respective subcontracts (the "Subcontractor Claims").

17.     Due to the various defaults under the Settlement Agreement and First Amendment

to Settlement Agreement the LT filed and served a Construction Lien against the Owner on April

29, 2022, (**Exhibit A**).

18.     The LT served the owner with a notice of default and demobilization on June 24,

2022.  (**Exhibit B**).

19.     Thereafter, Owner and LT entered into negotiations and agreed to a Second

Amendment to Settlement Agreement on July 14, 2022 which is annexed hereto as (**Exhibit C**).

20.     The Second Amendment to Settlement Agreement as Amended by the First

Amendment provides as follows:

      a.     The balance of any amounts due to subcontractors under the Settlement

            Agreement as Pre-Petition Retainage shall be due within seven (7) business

            days of completion of a subcontractor's scope of work and the

            subcontractor providing all required closeout documentation, including

construction lien waivers for all work. Nothing herein shall require completion of the entire HUB Project to release a specific subcontractor's Pre-Petition Retainage. Owner shall retain any amount of Pre-Petition Retainage not otherwise paid out to the subcontractors.

b.      The amounts held as Post-Petition Retainage under the Settlement Agreement shall be due within seven (7) business days of completion of a subcontractor's scope of work and the subcontractor providing all required closeout documentation, including construction lien waivers for all work. Nothing herein shall require completion of the entire HUB Project to release a specific subcontractor's Post-Petition Retainage.

c.      Pre-Petition Retainage and Post-Petition Retainage shall be paid simultaneously by Owner.

d.      Assignment and Assumption.  Simultaneously with the execution of the Second Amendment to the Settlement Agreement, the parties executed that certain assignment and assumption agreement ("Assignment and Assumption Agreement") set forth on Exhibit A. As set forth in the Assignment and Assumption Agreement, the Owner has taken an assignment of all active subcontracts for the HUB Project ("Assigned Subcontracts"). Pursuant to the Assignment and Assumption Agreement, the Owner shall continue completion the HUB Project pursuant to the Contract and the Assigned Subcontracts directly without any further involvement of Hollister.

e.   Payments.  Simultaneously with the execution of this Agreement, Owner has paid $1,170,00.00 ("Settlement Amount") to counsel for the Owner, Rufolo & Marotta, LLC ("Owner's Escrow Agent").   In the event the Settlement Amount is not paid within seven days, the Settlement Amount Shall increase by $500.00 per day until paid in full.

f.   Allocation of Settlement Amount. The Settlement Amount shall be allocated as follows:

  i.   $500,000.00 to the Escrow Agent representing payment towards unpaid general conditions of Hollister and work performed on the HUB Project;

  ii.   $600,000.00 to the Escrow Agent representing a final negotiated closeout payment;

  iii.   $70,000.00 to the Escrow Agent representing the Owner's contribution to the transactional costs and fees to Hollister.

21.   When it became apparent the payment pursuant to the Second Amendment to the Settlement Agreement was not going to be received, Plaintiff filed an Amendment to the construction lien on August 22, 2022 (**Exhibit "D"**).   Upon receipt of the filed copy, the Amended construction lien will be served.

COUNT ONE<br>(Breach of Contract)

22.   Plaintiff repeats and re-alleges the allegations as contained in the Background Facts of the within Complaint as if set forth at length herein.

23.     Due to its' non-payment and breaches, Defendant Accordia is in material breach and the Plaintiff has suffered damages.

24.     There is due and owing the sum of $1,170,000.00 plus the $500.00 per diem until paid in full.

25.     Demand for payment has been made and Accordia is in breach.

26.     Despite demand, Defendant Accordia has failed to pay the balance due to Plaintiff and is in Breach and the Plaintiff has suffered and continues to suffer damages.

## COUNT TWO
### (Quantum Meruit)

27.     Plaintiff repeats and re-alleges the allegations as contained in the Background Facts and Count One of the within Complaint as if set forth at length herein.

28.     There is due from the Defendant Accordia to the Plaintiff the sum of $1,170,000.00 plus the $500.00 per diem until paid in full on a certain book account, a true copy of which is annexed hereto.  Payment has been demanded and has not been made.

29.     The Plaintiff sues the Defendant Accordia for goods sold and delivered and/or services rendered by the Plaintiff to the Defendant Latitude, upon the promise by the Defendant to pay the agreed amount as set forth in Exhibit D annexed hereto.  Payment has been demanded and has not been made.

30.     The Plaintiff sues the Defendant Accordia for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to the Defendant upon the promise of the Defendant(s) to pay a reasonable price for the same, as set forth in Exhibit D annexed hereto. Payment has been demanded and has not been made.

31.     The Defendant Accordia, being indebted to the Plaintiff in the sum of $1,170,000.00 plus the $500.00 per diem until paid in full upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand.  Payment has been demanded and has not been made.

## COUNT III
### (Breach of N.J.S.A 2A:30A-2 Prompt Payment Act)

32.     Plaintiff repeats and re-alleges the allegations as contained in the Background Facts, Count One and Count Two of the within Complaint as if set forth at length herein.

33.     Hollister has performed in accordance with the Hub Project.

34.     The work performed by Hollister under the Hub Project for the requisition for payments have been approved by Accordia.

35.     Accordia has failed to pay Hollister in accordance with Hub Project in accordance with the Settlement Agreement, First Amendment and Second Amendment in the amount of $1,170,000.00 plus the $500.00 per diem until paid in full.

36.     Accordia has failed to pay Hollister after accepting the work and payment agreement and is liable pursuant to *N.J.S.A.* 2A:30A-2 *et seq.*

37.     Accordia is liable for the monies due Hollister in the amount of $1,170,000.00 plus the $500.00 per diem until paid in full, plus interest at the prime rate plus one percent (1%) and counsel fees pursuant to *N.J.S.A.* 2A:30A-2.

38.     Hollister has the right to suspend performance of all work on the Hub Project as it provided Notice of Default and Notice of Demobilization due to the material breach of non-payment. Due to Accordia's breach of non-payment, Hollister is entitled to suspend performance without penalty until such time as the payment is made by Accordia.

## COUNT IV
### (Construction Lien)

39.     Plaintiff repeats the allegations as contained in the Background Facts, Count One, Count Two and Count Three of its Complaint as if set forth at length herein.

40.     Defendants, Accordia is the owners of certain real property located at 700 Frank E. Rodgers Boulevard South, Harrison, New Jersey, particularly described as Block 133, Lot 1.04, as shown as the tax assessment map of the Township of Harrison, County of Hudson, State of New Jersey.

41.     The Defendant, Accordia Harrison Urban Renewal, LLC ("Accordia" or "Owner") and the Debtor, are parties to certain contract documents dated as of September 25, 2017, including, without limitation, certain AIA Documents, A201 and A101, and all Schedules annexed thereto, and all subsequent riders, modifications, and change orders (collectively, the "Contract"),2 relating to  construction of 700 Frank E. Rogers Boulevard, Harrison, New Jersey (the "HUB Project").

42.     There remains due and owing from Accordia, the sum of $2,065,761.23 for said services rendered and materials ordered by and delivered to Accordia.

43.     On April 19, 2022, Plaintiff filed with the County Clerk of Hudson, a Construction Lien claim, (**Exhibit "A"**), and served said Lien Claim on the Defendant, Accordia on or about April 29, 2022.

---

2     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Contract or the Settlement Agreements.

44. On August 22, 2022, Plaintiff filed with the County Clerk of Hudson an amendment to the Construction lien (**Exhibit "D"**), a copy of which is annexed to comport with the Second Amendment in the amount of $1,170,000.00 plus the $500.00 per diem until paid in full.

45.     The aforesaid debt is a lien on the above referenced property by virtue of the provision of the Construction Lien Law of the State of New Jersey, bearing *N.J.S.A. Title* 2A, *Chapter* 44A, *Title* 6.

46.     Said initial Lien Claim was recorded with the Clerk on April 19, 2022, which was within ninety days of the last delivery of material and services performed by Hollister pursuant to *N.J.S.A.* 2A:44A-6. The amendment was filed to comport with the Second Amendment.

WHEREFORE, the Plaintiff, BAK advisors as Liquidating Trustee for the Liquidating Trust of Hollister Construction Liquidating Trust prays for a judgment as to Counts 1, 2, 3 and 4 of the Complaint against the Defendant, ACCORDIA HARRISON URBAN RENEWAL, LLC as follows:

a)     Declaring Accordia Harrison Urban Renewal, LLC to be in default and breach of the Accordia Harrison Urban Renewal, LLC Project;

b)     Enforcing the Settlement Agreement by and Between the LT and Accordia Harrison Urban Renewal, LLC;

c)     For a judgment for the sum of $1,170,000.00 plus the $500.00 per diem until paid in full together with interest and costs in favor of the Plaintiff and against the Defendant, Accordia Harrison Urban Renewal, LLC;

d)     Declaring and entering a judgment finding Accordia Harrison Urban Renewal, LLC in violation of N.J.S.A. 2A: 30A-2 et. seq. and liable for all monies due to Hollister plus interest at the prime rate plus one percent (1%) and counsel fees;

e)      Against Defendant, Accordia Harrison Urban Renewal, LLC for the sum of $1,170,000 plus $500.00 per diem from July 14, 2022 until paid in full, together

with interest and costs, and ordering that the said sum shall be made of and from the said land and building;

f)    Against Defendant, Accordia Harrison Urban Renewal, LLC adjudging that the Plaintiff is entitled to a lien against the aforesaid land and building in the sum of $1,170,000.00 plus $500.00 per diem from July 14, 2022 until paid in full, together with interest and the costs of this action, and ordering that said sum shall be made of and from the said land and building;

g)    For such other and further relief as this Court may deem just, equitable, together with continued accrued interest, costs and attorney's fees.


LAW OFFICES OF MITCHELL J. MALZBERG, LLC


By: */s/ Mitchell Malzberg*
MITCHELL MALZBERG, ESQ.
LAW OFFICES OF MITCHELL J. MALZBERG, LLC
P. O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
*Counsel to the Liquidating Trustee*

Dated:  August 23, 2022

<u>VERIFICATION</u>

Bernard A. Katz, being duly sworn, certifies as follows:

1.      I am the principal of BAK Advisors, LLC, the Liquidating Trustee for Hollister

Construction Services, LLC.

2.      I certify that the foregoing statements of fact in this Verified Complaint are true to

the best of my knowledge, information, and belief.  I am aware that if any of the foregoing

statements made by me are willfully false, I am subject to punishment.

Dated: August 16, 2022

*/s/ Bernard A. Katz*
BERNARD A. KATZ
BAK ADVISORS, LLC
Liquidating Trustee